**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3519-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRYANT N. MARSH, a/k/a
BRYANT MARSHALL,
TIMOTHY MCALLISTER,
BRYANT OLIVER, and
BRYANT MARSH-
MCALLISTER,

    Defendant-Appellant.

_____

Submitted October 21, 2020 – Decided December 8, 2020

Before Judges Fuentes and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 16-04-1035 and 16-07-1666.

Joseph E. Krakora, Public Defender, attorney for appellant (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the briefs).

Damon G. Tyner, Atlantic County Prosecutor, attorney for respondent (Mario C. Formica, Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following denial of an eve-of-trial motion to adjourn his homicide trial, defendant Bryant N. Marsh pled guilty to all counts charged in two Atlantic County indictments, including murder, kidnapping, robbery, and weapons offenses. Because the pleas were "open" the State neither made sentencing recommendations nor signed the plea forms. Defendant reserved the right to appeal the denial of his adjournment motion pursuant to Rule 3:9-3(f). As memorialized in the "Supplemental Plea Form for Non-Negotiated Pleas," the trial court agreed to sentence defendant to an aggregate prison term of thirty years, with a thirty-year parole disqualifier under N.J.S.A. 2C:11-3(b)(1). Following appropriate mergers, defendant was sentenced accordingly. Because we discern no abuse of the trial court's discretion in denying defendant's adjournment request, we affirm.

I.

We briefly summarize the pertinent facts and procedural history from the limited record before us, accepting as true for purposes of this appeal,

2

defendant's factual bases for his guilty pleas.[1]  On November 29, 2015, defendant and three cohorts robbed a stranger at gunpoint in Pleasantville. Defendant brandished a handgun and stole money from the man.  Later that day in the same town, defendant and those companions kidnapped another man for ransom payable in drugs.  Defendant shot that man in "[h]is shoulder and his head" with the same weapon he used against the first victim.

In April 2016, defendant and his co-defendants were charged in Atlantic County Indictment No. 16-04-1035 regarding the robbery incident, as follows: first-degree robbery, N.J.S.A. 2C:15-1(a) (count one); second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 (count two); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count three); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count four); fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) (count five); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count six).

---

[1]  Defendant seeks "the opportunity to withdraw his . . . [conditional] plea[s]" under Rule 3:9-3(f), rather than pursuant to State v. Slater, 198 N.J. 145, 150 (2009).  Accordingly, on this appeal, defendant is not "assert[ing] a colorable claim of innocence."  Ibid.

Three months later, defendant and the same co-defendants were charged in Atlantic County Indictment No. 16-07-1666, regarding the homicide incident, as follows: first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (count one); first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2) (count two); first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2 (count three); first-degree kidnapping, N.J.S.A. 2C-13-1(a) (count four); second-degree conspiracy to commit kidnapping, N.J.S.A. 2C:5-2 (count five); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count six); second-degree conspiracy to possess a handgun for an unlawful purpose, N.J.S.A. 2C:5-2 (count seven); second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b) (count eight); second-degree conspiracy to commit unlawful possession of a handgun, N.J.S.A. 2C:5-2 (count nine); and second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b) (count ten).

During the pendency of both matters, the trial court held multiple status conferences. In January 2017, defendant was found competent to stand trial. Thereafter, the court held eleven pretrial conferences, four case management conferences and three case review conferences. Between September 24, 2018 and January 7, 2019, the homicide matter was scheduled for trial on four occasions.

4

In mid-afternoon on Friday, January 4, 2019, defendant moved to adjourn the January 7, 2019 homicide trial to another unspecified date. According to trial counsel's certification that accompanied the motion, in September 2018, the State had indicated defendant "may have been involved in another homicide" and there existed the possibility of a global resolution of "'30 do 30' . . . for both matters to run concurrent[ly] with [each] []other." Thereafter, trial counsel met with an Atlantic County Prosecutor's Office (ACPO) detective, who provided the audio recording of a statement allegedly made by defendant "and a brief oral synopsis" of the State's evidence against defendant in the unindicted homicide case.

After meeting with defendant, trial counsel sought additional information from the ACPO. Counsel was informed he "would not be given any evidence, but could review the evidence [in the State's possession] and take notes." Despite representations that he would be able to review the case file "[f]or a number of weeks," trial counsel "was not given access." Finally, on December 14, 2018, counsel was advised that the ACPO was "not going to provide access to the case file" and "the January 7, 2019 [t]rial date was a 'firm' date and there would be no adjournments."

Trial counsel's adjournment request was based upon his inability to prepare for trial between December 14, 2018 and January 4, 2019. In that regard, counsel certified: "Upon informing [defendant] of this complete 180[-]degree change in direction, the undersigned as well as [defendant] feel that, especially in light of the holiday season, it would be difficult, if not impossible, to properly prepare for a [t]rial where [defendant] is facing [l]ife [imprisonment] plus[2] in [s]tate [p]rison." Counsel also asserted defendant did "not feel that he [wa]s properly prepared for a [t]rial, that he was acting under the belief that a global resolution was going to be attempted to be worked out, and that for the State to pull the deal at the last minute is unfair to him and his [d]efense counsel, giving them three weeks to prepare for a [t]rial wherein . . . [d]efendant is facing life plus in prison."

Trial counsel also cited his secretary's family-sick leave, which was taken "within the last [two] weeks" straddling counsel with "the administrative aspects of preparing for trial." Accordingly, counsel requested "another date" for trial so that he and defendant would have an "adequate amount of time to prepare, especially in light of the fact that the delay was not [defendant's] fault . . . ."

---

[2] According to the plea forms, defendant faced a maximum term of life imprisonment plus 110 years on the homicide indictment and sixty-one years and six months on the robbery indictment.

On January 7, 2019, the trial court issued a written decision, denying defendant's motion. In doing so, the court recounted the procedural posture of the case, listing each status conference and trial date. Rejecting defendant's contentions that "he was unfairly prejudiced" by the protracted global plea negotiations, the court reasoned:

> [F]irst and foremost, this matter is almost [three] years old as it relates to the date of the indictment. [D]efendant has been scheduled for three prior trial dates with three prior case reviews and [four] prior case management conferences. There is no doubt, that . . . defendant had sufficient notice to prepare for trial. The first trial listing was [three and one-half] months before the January 7, 2019 trial date. It was not until the Friday afternoon before the Monday trial date that defendant filed a motion to adjourn the trial date. This is not only unfair to the [S]tate wh[ich] had prepared [the] case, it is grossly unfair to the more than 120 potential jurors who were brought to the court on Monday morning, January 7, 2019[,] to begin the voir dire process.

Later that day, defendant pled guilty before the Criminal Division presiding judge, who was not the trial judge. At the outset of the plea hearing, counsel informed the judge "[a]s a housekeeping matter" defendant had moved to adjourn the homicide trial and would "rely on the brief and certification that was filed." The judge acknowledged the motion was preserved for appeal; the prosecutor posed no objection. After trial counsel set forth each count of both

indictments and the court's indication that it would sentence defendant to a term of thirty years without parole on all counts, defendant acknowledged he was "satisfied with [his] counsel and the plea arrangement"; he was "pleading guilty voluntarily"; and no one had threatened or forced him to plead guilty.

Defendant was thereafter sentenced in accordance with the presiding judge's representations during the plea hearing. This appeal followed.

The sole issue raised on appeal is whether the trial court erred in denying defendant's adjournment motion. More particularly, defendant asserts in a single point:

> AFTER DEFENSE COUNSEL CERTIFIED THAT HE WAS NOT PREPARED, AND THAT IT WOULD BE "IMPOSSIBLE" FOR HIM TO REPRESENT HIS CLIENT, THE COURT'S UNREASONABLE DENIAL OF A TEMPORARY ADJOURNMENT REQUIRED . . . DEFENDANT TO ENTER CONDITIONAL PLEAS IN ORDER TO AVOID A HOMICIDE TRIAL WITH UNPREPARED COUNSEL. THIS COURT SHOULD REVERSE AND REMAND TO GIVE THE DEFENDANT AN OPPORTUNITY TO WITHDRAW HIS PLEAS.

The State counters it did not consent to defendant's conditional plea because the prosecutor did not sign the plea forms as required under Rule 3:9-3(f), and defendant's contentions are centered around the ineffective assistance of trial counsel. In view of those two factors, the State contends defendant's

sole remedy is vacation of his pleas and remand for trial – not the "opportunity" to withdraw his pleas – if he is successful on this appeal. As to the merits, the State contends the factors enumerated in State v. Hayes, 205 N.J. 522, 538 (2011), support the court's decision to deny defendant's motion to adjourn the trial, emphasizing defendant suffered no prejudice in view of his aggregate sentence.

## II.

We review the denial of a motion for an adjournment, which involves the court's ability to manage its own calendar, under a deferential standard. State v. Miller, 216 N.J. 40, 65 (2013). "'[W]hether a trial court should grant or deny a defendant's request for an adjournment . . . requires a balancing process informed by an intensely fact-sensitive inquiry.'" Id. at 66 (quoting Hayes, 205 N.J. at 538).

Before turning to the Hayes factors applicable to the present matter, we pause briefly to address the State's contention that defendant failed to preserve for our review the denial of his adjournment motion. Rule 3:9-3(f) sets forth the requirements for entering a conditional guilty plea preserving the right to appeal an adverse determination "of any specified pretrial motion." Although the Rule requires the State's consent, we have found tacit consent where, as here, the

prosecutor did not sign the plea form but "did not take exception to defense counsel's statement that there would be [an] appeal[] made from the pretrial motion[]." State v Matos, 273 N.J. Super. 6, 15 (App. Div. 1994). Similar to the prosecutor in Matos, the prosecutor in the present matter neither signed the plea form nor objected when trial counsel acknowledged the motion was "preserved for appellate review." Accordingly, the court's order denying defendant's motion is properly before us.

In Hayes, our Supreme Court outlined "some" factors to be weighed by the trial judge in deciding whether to grant a defendant's motion to adjourn the trial to retain counsel. 205 N.J. at 538. Before the trial court, defendant in the present matter did not seek an adjournment to retain new counsel. On appeal, however, defendant contends his attorney's lack of preparation placed defendant "in dire straits" because he lacked both the legal training to represent himself and sufficient time to retain another lawyer.

Accordingly, we look to the factors approved by the Court in Hayes, as cited in Miller, to guide our analysis. Those factors include:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant

contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.

[Hayes, 205 N.J. at 538 (quoting State v. Furguson, 198 N.J. Super. 395, 402 (App. Div. 1985)); see also Miller, 216 N.J. at 67.]

Specifically considering an adjournment request to retain private counsel, the Court has observed:

If a trial court conducts a reasoned, thoughtful analysis of the appropriate factors, it can exercise its authority to deny a request for an adjournment to obtain counsel of choice.

. . . .

Thus, we underscore that only if a trial court summarily denies an adjournment to retain private counsel without considering the relevant factors, or abuses its discretion in the way it analyzes those factors, can a deprivation of the right to choice of counsel be found.

[State v. Kates, 216 N.J. 393, 396-97 (2014).]

"[A] lengthy factual inquiry is [not] required." Id. at 397.

In reviewing a trial court's discretionary determination on a defendant's motion to adjourn, "'there are two conditions which must exist to warrant' reversal of the conviction." Miller, 216 N.J. at 66 (quoting Hayes, 205 N.J. at 539). Initially, "'the judicial action must have been clearly unreasonable in the light of the accompanying and surrounding circumstances.'" Ibid. (quoting Hayes, 205 N.J. at 539). Secondly, the decision must have prejudiced the defendant such that "'the defendant suffered manifest wrong or injury.'" Id. at 66-67 (quoting Hayes, 205 N.J. at 537).

Although the trial court in the present matter did not cite the governing law, it implicitly considered various relevant factors outlined by the Court in Hayes as applied to the factual and procedural posture of this case. Initially, the court heavily weighed the age of the case, the multitude of pretrial conferences, and three prior trial dates. Because the parties did not provide the transcripts of the pertinent hearings, the reasons for those adjournments are unclear from the record. Nonetheless, the parties do not dispute that the January 7 trial date was the fourth trial date scheduled for the homicide trial.

Emphasizing the belated request by defense counsel on "the Friday afternoon before the Monday trial date," the court also heavily weighed the inconvenience to the State and jurors who were summoned for the January 7,

2019 trial. While the trial court's conclusion is not unreasonable, because the State did not oppose defendant's motion, the record does not disclose whether the prosecutor or the State's witnesses would have been inconvenienced by another trial date. Nor does the record reflect the anticipated length of the delay or the complexity of the case, including the projected length of trial and the number of witnesses subpoenaed to testify.

It is likewise unclear from the record whether defendant contributed to the need for a continuance. On one hand, trial counsel certified he was unprepared for trial; on the other, he asserted defendant "does not feel that he is properly prepared for a [t]rial." In any event, the trial court did not specifically address this factor.

The court rejected defendant's argument that he was unfairly prejudiced by the State's termination of plea negotiations on the unindicted homicide matter, implicitly finding the requested delay was not for legitimate reasons. The record supports the court's decision. According to trial counsel's certification, the State ceased global negotiations on December 14, 2018, yet defendant did not request an adjournment of the January 7 trial until January 4, 2019. Underscoring that request was "the holiday season" and trial counsel's administrative issues, both of which had transpired in the interim between the

failed plea negotiations and the trial date. Stated another way, trial counsel did not advise the court of his perceived inability to prepare for trial on December 14, 2018, when the trial was three weeks away. Moreover, the matter was pending for two years after defendant was found competent to stand trial and had been listed for trial on three other occasions. We therefore do not disagree with the court's determination that counsel "had sufficient notice to prepare for trial."[3]

In any event, defendant failed to demonstrate prejudice here, where he received the mandatory minimum sentence for all counts charged in both indictments. In that regard, we reject defendant's belated argument that had trial counsel been prepared he "could have deftly alerted a jury to weaknesses in the State's proofs against [defendant] and won acquittals on some or all of the charges." Defendant now claims he had "two plausible defenses that a prepared attorney could have turned to [defendant]'s advantage," by arguing to the jury defendant was: (1) merely present at the scene, warranting an accomplice liability jury instruction, see Model Jury Charges (Criminal), "Liability for

---

[3] Other <u>Hayes</u> factors were not relevant to the court's analysis, including whether other competent counsel was prepared to try the matter. As indicated, defendant did not seek the adjournment to retain another attorney or seek to represent himself.

Another's Conduct (N.J.S.A. 2C:2-6)" (rev. June 11, 2018); and (2) "intoxicated on PCP and Ecstasy at the time of the offense," warranting an intoxication instruction, see Model Jury Charges (Criminal), "Intoxication Negating an Element of the Offense (N.J.S.A. 2C:2-8(a))" (rev. Oct. 18, 2005).

Subsumed in defendant's argument is a claim of ineffective assistance of counsel, which is raised for the first time on this appeal, without a previously-filed sworn statement "alleg[ing] facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Accordingly, those claims are better reserved for post-conviction relief where, as here, they "involve allegations and evidence that lie outside the trial record." State v. Preciose, 129 N.J. 451, 460 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3519-18T1